UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal Action No.: 15-cr-40033-TSH |
| NEIL SWEENEY, | ) |
| Defendant | ) |

May 23, 2016

### FINDINGS AND ORDER ON DEFENDANT'S MOTION TO SUPPRESS

The defendant Neil Sweeney is charged in a two count indictment with distribution of child pornography and possession of child pornography. He seeks to suppress from the introduction into evidence against him at trial, various statements that he made while in police custody on May 20, 2015. He assigns as grounds for this suppression that the statements were obtained by in violation of rights secured to him by Miranda v. Arizona, 384 U.S. 436 (1966) and the Fifth, Sixth, and the Fourteenth Amendment to the United States Constitution. For the reasons set forth below I deny that motion.

### FACTS

At approximately 8:00 a.m. on the morning of May 20, 2015 Federal Bureau of Investigation (FBI) Officer Jennifer Weidlich, Worcester Police Officer Brian Bisceglia, and several other law enforcement officers went to 54 Elm Street in Worcester Massachusetts to execute an arrest warrant for Mr. Sweeney. While he was being placed under arrest he asked what he was being arrested for. When he was told that he was being arrested for distribution and possession of child pornography, he responded gratuitously, that he "didn't even own a computer."

Mr. Sweeney was transported to the Worcester Police Station where he was questioned by Agent Weidlich and Officer Bisceglia. This questioning was both videotaped and audio recorded. Prior to the questioning, Agent Weidlich advised Mr. Sweeney of his Miranda Rights by using a FBI Advice of Rights form. After reading the rights to Mr. Sweeney Agent Weidlich asked him if he understood those rights and Mr. Sweeney responded that he did. Agent Weidlich further asked if he had any questions about the rights, and he responded in the negative. He was asked to sign the form acknowledging that he understood his rights, and that he was willing to answer questions without a lawyer present. Before signing he told the officers that he did not have his glasses because he was arrested before he could put them on. The officers offered to suspend the questioning and go get his glasses. However, the defendant declined that offer and thereafter signed the form acknowledging that he had received his rights was willing to be questioned.

For approximately ten minutes the authorities questioned Mr. Sweeney without objection. When Mr. Sweeney was questioned about what email accounts he used the following exchange took place:

> Defendant: I'm trying to keep myself ...I don't want to dig a hole. I need to speak to a lawyer. I need to find out what the hell's going on here because I'm not gonna to do something and you're telling me that I'm doing, I did something that I didn't do. I'm not gonna admit to something that I didn't do.
>
> Bisceglia: No, we certainly wouldn't want you to do that.
>
> Weidlich: No, definitely not. And it's certainly your right to talk to a lawyer, so if, we're, you want to be done here, we're done here.
>
> Defendant: I mean, in regards to questions of me digging a hole then I'm not going to do that. But as far as what you're telling me what I did, I didn't do so ...
>
> Bisceglia: So, are you asking for a lawyer. I'm confused.

Defendant:   Do I need a lawyer?

Weidlich:   That's not a question that we can answer. It's entirely you're right. If you'd like to speak to a lawyer then we'll stop right now.

Bisceglia:   Why don't you take a second to think about it.

The two investigators then left the interview room for approximately 1 ½ minutes. When they returned, the following conversation ensued (at approximately 21:38 of the recording):

Bisceglia:   Did you think about that, Neil?

[PAUSE]

Weidlich:   This is your time and we don't want you to answer any questions that you don't want to answer. And that, certainly, if you want to consult with a lawyer that is your right and we will make that happen.

Defendant:   I'm screwed. I need a lawyer.

Bisceglia:   Ok, Fair enough.

## DISCUSSION

Mr. Sweeney's arguments are several. First, he argues that he didn't voluntarily waive his rights because he could not read the Advice of Rights Form that he signed before the interrogation began. Secondly, that his invocation of right to counsel was not honored by police in a timely manner thus causing him to make incriminating statements after the invocation.

Dealing with the statement of the defendant during arrest denying ownership of a computer, Mr. Sweeney was in police custody at the time the statement was made. However no interrogation took place. Mr. Sweeney initiated the conversation by asking what he was being charged with and gratuitously responding that he "didn't even own a computer".

With respect to statements made at the police station, the video of the interrogation demonstrates that Agent Weidlich properly advised the defendant of his Miranda Rights, and Mr.

Sweeney acknowledged that he understood those rights. The defendant claims that his inability to read the form (without his reading glasses) makes his waiver of those rights ineffective. Detective Bisceglia offered to get the defendant's glasses so that he could read the form and the defendant stated "no I am good, I will just sign it." Agent Weidlich also offered to re-read the form aloud to the defendant and he again refused that offer stating no it is fine. I find that Mr. Sweeney's signature on the Waiver of Rights Form was knowing and voluntary. I find that the fact that he didn't have his glasses did not interfere with his exercise of that waiver.

As to statements made after Mr. Sweeney said he needed to speak to a lawyer, the video recording reveals that the officers asked additional questions only to clarify that the defendant wanted to speak with a lawyer because he kept talking. The only questions that the officers asked were to try to understand whether he was invoking his right to counsel. Based on the unrebutted evidence from the video I find that Mr. Sweeney did not invoke his right to counsel until after he said "I'm screwed . . . ". For the reason set forth above I <u>deny</u> the defendant's Motion to Suppress.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE